[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 274.]

THE STATE OF OHIO, APPELLEE, *v*. EVERETTE, APPELLANT.

[Cite as *State v. Everette*, 1996-Ohio-56.]

*Appellate procedure—App.R. 26(B)—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied when not timely filed.*

(No. 95-1557—Submitted October 24, 1995—Decided January 10, 1996.)

APPEAL from the Court of Appeals for Montgomery County, No. 13440.

_____

{¶ 1} Appellant, Thomas E. Everette, Jr., was convicted of felonious assault and aggravated robbery, each with a gun specification. He was sentenced accordingly. The court of appeals affirmed the convictions. *State v. Everette* (Aug. 6, 1993), Montgomery App. No. 13440, unreported.

{¶ 2} On May 31, 1995, appellant filed with the court of appeals an application titled, "Application for Reconsideration/Reopening Pursuant to Rule 26 of Appellate Procedure." Since the appellant argued that his appellate counsel was ineffective and attempted to offer a good-cause reason for his untimely filing, the court of appeals considered his application as one for reopening pursuant to App.R. 26(B). In the application, appellant stated as good cause for failure to file the application within ninety days after journalization of the appellate judgment sought to be reopened, as required by App.R. 26(B)(1), that he had "great difficulties" in finding out that his conviction had been affirmed on appeal and "great difficulties" in obtaining a trial transcript. The court of appeals found that appellant had filed a *pro se* appeal to this court on October 22, 1993, showing that he did have knowledge of the August 6, 1993 judgment affirming his conviction, and that he failed to substantiate his claim of difficulty in obtaining a transcript. It, therefore, denied the application to reopen as untimely. This appeal followed.

_____

*Thomas E. Everette, Jr., pro se.*

_____

***Per Curiam.***

{¶ **3**} We affirm the decision of the court of appeals for the reasons stated in its judgment entry.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____